**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRIC OF COLUMBIA**

| | | |
|---|---|---|
| **OLD REPUBLIC NATIONAL** | * | |
| **TITLE INSURANCE COMPANY** | * | |
| **3000 Bayport Drive, Suite 1000** | * | |
| **Tampa, Florida 33607** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Case No.: 26-3379** |
| | * | |
| **MINDELL RENNELS** | * | |
| **1456 Smith Place SE, Apt. 202** | * | |
| **Washington, D.C. 20032** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * *

## COMPLAINT

Old Republic National Title Insurance Company ("Old Republic"), by counsel Jay Abarbanel and Fedder and Garten Professional Association, bring this action against Defendant Mindell Rennels, and in support thereof states as follows.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Old Republic is an entity organized under the laws of the State of Florida with its principal place of business in Florida.

2. Defendant Mindell Rennels is a citizen of the District of Columbia. She is a resident of and domiciled in the District of Columbia. She owns property in the District of Columbia and, upon information and belief, has resided in the District of Columbia for an extended period of time. Upon information and belief, she intends to remain a resident of the District of Columbia.

3. This Court has personal jurisdiction over Mindell Rennels as she resides in the District of Columbia and the claims asserted herein arose out of selling property located in the District of Columbia.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is

diversity of citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court because Mindell Rennels resides in the District of Columbia.

## Introduction

6. This case involves the unjust enrichment of Mindell Rennels in connection with her sale of the real property 1448 Smith Place S.E., Washington D.C. 20032 ("1448 Smith Place"). As discussed below, during the closing, it was intended that the purchase funds would be used to satisfy a preexisting deed of trust against 1448 Smith Place. However, the funds were instead used to satisfy a deed of trust against 1446 Smith Place, S.E., Washington D.C. 20032 ("1446 Smith Place"), a neighboring property Mindell Rennels owned at the time. As a result of the incorrect lien satisfaction, Mindell Rennels owned 1446 Smith Place free and clear while 1448 Smith Place remained encumbered by a deed of trust. Ultimately, pursuant to its obligations under title insurance policies, Old Republic satisfied the deed of trust against 1448 Smith Place.

## Facts

7. Pursuant to December 9, 1996 Deed, Mindell Rennels and Burgess Rennels obtained title to 1448 Smith Place as tenants by the entireties. See December 9, 1996 Deed, attached as Exhibit 1.

8. Pursuant to another December 9, 1996 Deed, Mindell Rennels and Burgess Rennels obtained title to 1446 Smith Place as tenants by the entireties. See December 9, 1996 Deed, attached as Exhibit 2.

9. On June 1, 2006, Mindell Rennels and Burgess Rennels executed a deed of trust securing a $200,000 loan from NetBank against 1448 Smith Place (the "1448 Smith Place Deed of Trust"). See 1448 Smith Place Deed of Trust, attached as Exhibit 3.

10. Also on June 1, 2006, Mindell Rennels and Burgess Rennels executed a deed of trust securing another $200,000 loan from NetBank against 1446 Smith Place (the "1446 Smith Place Deed of Trust"). See 1446 Smith Place Deed of Trust, attached as Exhibit 4.

11. On August 28, 2011, Burgess Rennels died and his interest in 1146 Smith Place and 1448 Smith Place vested in Mindell Rennels.

12. In April 2021, Mindell Rennels contracted to sell 1448 Smith Place to 1448 Smith Place SE, LLC (the "LLC") for $355,000.00.

13. Pursuant to an April 27, 2021 Deed, Mindell Rennels conveyed 1448 Smith Place to the LLC. See April 27, 2021 Deed, attached as Exhibit 5. The April 27, 2021 Deed provides that Mindell Rennels "covenants that she will warrant specially the property hereby conveyed, and that she will execute such further assurances of said land as may be requisite." Ex. 5.

14. To finance the purchase of the Property, 1448 Smith Place obtained a $320,000 loan from Congressional Capital, LLC secured by a deed of trust against 1448 Smith Place (the "Congressional Capital Deed of Trust"). See Congressional Capital Deed of Trust, attached as Exhibit 6.

15. Allied Title & Escrow, LLC ("Allied Title") conducted the closing for the sale of 1448 Smith Place (the "Transaction").

16. It was intended that a portion of the purchase funds would be used to satisfy the 1448 Smith Place Deed of Trust.

17. However, instead of providing Allied Title with the payoff information for the 1448 Smith Place Deed of Trust, Mindell Rennels provided Allied Title the payoff information for the 1446 Smith Place Deed of Trust.

18. Therefore, as part of the closing, Allied Title paid $175,516.69 to the servicer

and/or lender for the 1446 Smith Place Deed of Trust. As a result, the 1446 Smith Place Deed of Trust was released. See Certificate of Satisfaction, attached as Exhibit 7. However, the 1448 Smith Place Deed of Trust was not released.

19. At the closing, Mindell Rennels executed a "Payoff Agreement" with Allied Title whereby she agreed that she understood that Allied Title would be satisfying the 1448 Smith Place Deed of Trust based upon the payoff information she provided. See Payoff Agreement, attached as Exhibit 8. In the "Payoff Agreement", Mindell Rennels agreed to indemnify and hold harmless Allied Title "from any loss or damage they may suffer as a result of the payoff to the Lender being insufficient to satisfy the debt in full (either because information given to them was incorrect, or mistake, or failure of express mail to deliver on time) or as a result of there being other outstanding mortgage on the Property." Mindell Rennels also agreed "to immediately pay directly to the Lender, or to Allied Title & Escrow, LLC if so directed, any additional funds needed to pay the debt(s) in full."

20. Allied Title is Old Republic's agent for the purpose of issuing title insurance policies. As part of the Transaction, Allied Title issued an Old Republic Owners Policy of Title insurance to the LLC (the "Owners Policy"). See Owner's Policy, attached as Exhibit 9. Also as part of the closing, Allied Title issued an Old Republic Loan Policy of Title Insurance to Congressional Capital, LLC (the "Lenders Policy").

21. The Owners Policy and the Lenders Policy ensured that there were no preexisting deeds of trust against 1448 Smith Place. That is, the policies ensured that the 1448 Smith Place Deed of Trust would be released.

22. Also, as part of the closing, Mindell Rennels executed an Owner's Affidavit whereby she agreed that "there are no Liens, Mortgages, Deeds of Trust…etc., know to the

undersigned Affiant which are not being paid or adjusted for in the current transaction." In the Owner's Affidavit, Mindell Rennels also stated that she understood that "this Affidavit is made to induce the purchase of an/or a loan secured by the premises described herein and the issuance of a title insurance policy relating to the same". In the Owner's Affidavit, Mindell Rennels agreed to "indemnify and hold harmless Old Republic National Title Insurance Company…from any loss, liability, costs and expenses, including attorneys' fees, to enforce this agreement, resulting from any errors or incorrectness of the affidavit, or resulting from any defects, liens, encumbrances or other matter currently affecting or that may affect the title to the land before the recordation of our conveyance or mortgage, which were caused or agreed to by me." See Owner's Affidavit, attached as Exhibit 10.

23. Now owning 1446 Smith Place free and clear, on December 2, 2025, Mindell Rennels sold 1446 Smith Place for $250,000. See December 2, 2025 Deed, attached as Exhibit 11. Having had the 1446 Smith Place Deed of Trust mistakenly satisfied, Mindell Rennels received a windfall when she sold 1446 Smith Place. She retained all the sale proceeds without having to satisfy the 1446 Place Deed of Trust, something she otherwise would have been required to do but for the mistaken payoff.

24. Meanwhile, Mindell Rennels allowed the loan secured by the 1448 Smith Place Deed of Trust to go into default.

25. On November 5, 2025, the beneficiary of the 1448 Smith Place Deed of Trust filed, in the Superior Court for the District of Columbia, Case No. 2025-CAB-007363, a Complaint for Judicial Foreclosure against Sean S. Brewer, as Trustee of the Sean S. Brewer Prosperity Trust

Dated 4/22/2022[1] (the "Foreclosure Action").

26. Old Republic retained outside counsel to represent Mr. Brewer in connection with the Foreclosure Action and obtain a release of the 1448 Smith Place Deed of Trust.

27. Pursuant to the terms of its title insurance policies, Old Republic paid $180,382.59 to JP Morgan Chase, the then beneficiary of the 1448 Smith Place Deed of Trust, for a release of the 1448 Smith Place Deed of Trust and a dismissal of the Foreclosure Action.

**COUNT I – BREACH OF CONTRACT**

28. Old Republic hereby incorporates all preceding paragraphs by reference as if fully restated herein.

29. In the Owner's Affidavit, Mindell Rennels warranted to Old Republic "[that] there are no Liens, Mortgages, Deeds of Trust…etc., known to the undersigned Affiant which are not being paid or adjusted for in the current transaction." See Ex. 9

30. In the Owner's Affidavit, Mindell Rennels also stated that she understood that "this Affidavit is made to induce the purchase of and/or a loan secured by the premises described herein and the issuance of a title insurance policy relating to the same". See Ex. 9

31. In the Owner's Affidavit, Mindell Rennels agreed to "indemnify and hold harmless Old Republic National Title Insurance Company…from any loss, liability, costs and expenses, including attorneys' fees, to enforce this agreement, resulting from any errors or incorrectness of the affidavit, or resulting from any defects, liens, encumbrances or other matter currently affecting or that may affect the title to the land before the recordation of our conveyance or mortgage, which

[1] Sean Brewer was the sole member of the LLC that purchased 1448 Smith Place from Mindell Rennels. Pursuant to a February 17, 2002 Deed, the LLC conveyed 1448 Smith Place to Mr. Brewer individually. Pursuant to an April 22, 2022 Deed, Mr. Brewer conveyed 1448 Smith Place to his Trust.

were caused or agreed to by me." See Ex. 9.

32. Mindell Rennels breached the terms of the Owner's Affidavit as there in fact was a deed of trust (i.e. the 1448 Smith Place Deed of Trust) known to her that was not paid or adjusted for in the Transaction. She further breached the Owner's Affidavit as the 1448 Smith Place Deed of Trust was a lien affecting title before her conveyance of 1448 Smith Place to the LLC.

33. Pursuant to the Owner's Affidavit, Mindell Rennels is required to indemnify and hold harmless Old Republic for its losses, liability, costs, and expenses resulting from the 1448 Smith Place Deed of Trust.

34. As set forth above, pursuant to its policies, Old Republic paid $180,382.59 to release the 1448 Smith Place Deed of Trust. In addition, Old Republic retained outside counsel to represent Mr. Brewer in the Foreclosure Action and obtain a release of the 1448 Smith Place Deed of Trust. Mindell Rennels is liable to Old Republic for the costs of Old Republic's outside counsel.

35. In addition, Mindell Rennels is liable to Old Republic for its attorneys' fees incurred in this action.

WHEREFORE, Old Republic respectfully requests that this Court enter judgment in its favor against Mindell Rennels in the amount of $200,000, plus post judgment interest, plus attorneys' fees and costs, and other and further relief as the Court may deem necessary and proper.

## COUNT II – BREACH OF SPECIAL WARRANTY

36. Old Republic hereby incorporates all preceding paragraphs by reference as if fully restated herein.

37. In the April 27, 2021 Deed conveying 1448 Smith Place from Mindell Rennels to the LLC, Mindell Rennels specially warranted title to 1448 Smith Place.

38. Mindell Rennels breached the special warranty because, after the conveyance, the

1448 Smith Place Deed of Trust still encumbered 1448 Smith Place.

39. As Old Republic made payment to obtain the release of the 1448 Smith Place Deed of Trust, Old Republic is subrogated to the rights of the LLC, which include the right to enforce the special warranty. In addition, Old Republic is subrogated to the LLC's rights pursuant to the Owners Policy.

40. As a result of the breach, Old Republic incurred damages of $180,382.59.

WHEREFORE, Old Republic respectfully requests that this Court enter judgment in its favor against Mindell Rennels in the amount of $180,382.59, plus post judgment interest, plus attorneys' fees and costs, and other and further relief as the Court may deem necessary and proper.

**COUNT III – UNJUST ENRICHMENT**

41. Old Republic hereby incorporates all preceding paragraphs by reference as if fully restated herein.

42. At the time of the closing for the sale of 1448 Smith Place, the LLC, its lender, and/or Allied Title conferred a benefit on Mindell Rennels. But for the purchase funds being used to satisfy the 1446 Smith Place Deed of Trust, the deed of trust would have remained a lien against 1446 Smith Place. As a result of the purchase funds from the Transaction satisfying the 1446 Smith Place Deed of Trust, Mindell Rennels owned 1446 Smith Place free and clear and obtained a windfall.

43. Mindell Rennels retained the benefit as she has not returned the funds that were used to satisfy the 1446 Smith Place Deed of Trust.

44. Under the circumstances, it would be inequitable and unjust to allow Mindell Rennels to retain the benefit conferred on her.

45. Pursuant to the title insurance policies and law, Old Republic is subrogated to the

unjust enrichment rights of the LLC and its lender.

WHEREFORE, Old Republic respectfully requests that this Court enter judgment in its favor against Mindell Rennels in the amount of $175,516.69, plus post judgment interest, plus attorneys' fees and costs, and other and further relief as the Court may deem necessary and proper.

*/s/ Jay Abarbanel*

Jay Abarbanel (Bar No. 1009602)
Fedder and Garten Professional Association
10096 Red Run Boulevard, Suite 200
Owings Mills, Maryland 21117
410-539-2800
jay@fedgar.com
*Attorney for Plaintiff*